**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, ) <br> CENTRAL LABORERS' ANNUITY FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PREFERRED CONCRETE & EXCAVATING, INC., ) <br> an Illinois corporation, ) <br> ) <br> Defendant. ) | 13-Cv-50271 <br><br> Judge Frederick J. Kapala <br><br> Magistrate Judge Iain D. Johnston |

## MOTION AND STIPULATION FOR CONSENT JUDGMENT

Plaintiffs Central Laborers' Pension Fund, *et al.* (collectively, "Central Laborers"), and Defendant Preferred Concrete & Excavating, Inc., by their attorneys, respectfully move this Court to enter an agreed consent judgment and order, as follows:

1. The parties have entered into a settlement agreement, a copy of which is attached as Exhibit A. The agreement provides for a final payment on or before April 1, 2017.

2. Pursuant to the terms of the settlement agreement, the parties have stipulated to the entry of the attached agreed consent judgment and order, with the court to retain jurisdiction to enforce the terms of the settlement agreement and enter all other appropriate orders.

Respectfully submitted,

**Plaintiffs:**
Central Laborers' Pension Fund, *et al.*

By: /s/ Richard Toth
Their attorney

Richard A. Toth
Daley and Georges, Ltd.
20 S. Clark St., Suite 400
Chicago, IL 60603
(312) 726-8797

**Defendant:**
PREFERRED CONCRETE &
EXCAVATING, INC.

By: /s/ Todd Miller
Their attorney

Todd A. Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive Suite 3517
Chicago, IL 60606-3108
(773) 868-4841

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the Central Laborers' Pension Fund and Central Laborers' Annuity Fund (collectively the "Funds"), **PREFERRED CONCRETE & EXCAVATING, INC.**, an Illinois corporation, and **GERALD HARTMAN** (collectively, jointly and severally, "Preferred").

### Recitals

A.   The Funds filed a law suit against PREFERRED CONCRETE & EXCAVATING, INC. in the U.S. District Court, Northern District of Illinois, Case No. 13-Cv-50271 (the "Law Suit"); and

B.   The Funds have alleged that delinquent fringe benefit contributions and related amounts are owed to them based on a payroll compliance audit for the period January 1, 2009 through September 30, 2013, and certain specifically identified additional fringe benefit contributions and related amounts; and

C.   The parties, considering it in their mutual best interests to resolve their disputes, have negotiated and entered into this Agreement.

### Agreement

1.   On or before May 1, 2015, Preferred shall pay $6,576.03 to the Funds.

2.   Preferred shall continue to make payments to the Funds in accordance with the payment schedule attached as *Exhibit 1*, until the total principal settlement amount of $157,824.62 is paid, along with interest at the rate of 9.5%. Preferred may make prepayment, in whole or in part, without penalty. Furthermore, the Funds agree to provide notice of default to Preferred's counsel, Todd Miller, Allocco, Miller & Cahill, P.C., by e-mail, and allow Preferred to cure such default within five (5) business days of such notice. In the event that Preferred defaults in making the payments required by this Agreement, the remaining balance on the payment plan shall immediately become due and payable, with interest as provided above.

3.   All payments by Preferred to the Funds shall be by company check, cashier's check, certified check, or money order, payable to "Central Laborers' Pension, Welfare, and Annuity Funds." Preferred shall deliver the payment to the Funds' attorney, Richard A. Toth, Daley and Georges, Ltd., 20 S. Clark St., Suite 400, Chicago, IL 60603, or to such other address as the Funds may direct.

4.   Preferred shall enter into the affidavit and indemnification agreement attached *Exhibit 2*, which shall be a part of and incorporated into this agreement.

5.   Subject to the terms of this Agreement, parties agree to stipulate to the entry of an agreed judgment order in the form set forth as *Exhibit 3*.

6.   In the event Preferred defaults in making any payment required by this Agreement, or in the event Preferred fails to file any monthly employer report with the Funds or fails to make any other payment that may be due the Funds, the Funds shall give written notice of default to Preferred and Preferred shall have a right to cure its default within 30 days of the notice; in the event that Preferred fails to cure a default, the amount of $157,842.62 (less any payments made under this Agreement) shall immediately become due and payable to the Funds and Preferred irrevocably authorizes any attorney of any court of

record to appear for Preferred in such court and confess a judgment without process against Preferred and in favor of the Funds in said amount, together with interest, costs of collection, and reasonable attorneys' fees, and to waive and release all errors that may intervene in any such proceedings and consent to immediate execution upon said judgment, hereby ratifying and confirming all that such attorney may do by virtue of this provision.

7. The parties acknowledge that in reaching this settlement the Fund has conditionally waived claims for liquidated damages. In addition to the provisions set forth in Section 6 above, in the event Preferred fails to cure a default, the additional amount of $16,958.01 (based on 10% of the underlying benefit claims of $146,558.41, plus other liquidated damages claims of $32.02, 1.30, $280.76, $130.26, and 1,857.83) shall immediately become due and payable to the Funds and Preferred irrevocably authorizes any attorney of any court of record to appear for Preferred in such court and confess a judgment without process against Preferred and in favor of the Funds in said amount, together with interest, costs of collection, and reasonable attorneys' fees, and to waive and release all errors that may intervene in any such proceedings and consent to immediate execution upon said judgment, hereby ratifying and confirming all that such attorney may do by virtue of this provision.

8. The Funds represent and warrant that they have not transferred or assigned any claims, causes of action, or damages and that they are the owners and holders of any such claims.

9. The parties acknowledge that the Funds have not conducted a payroll audit of Preferred for the time subsequent to September 30, 2013, and that the Funds do not release or waive any claims with respect to delinquencies or related amounts due that could or may be due for subsequent periods or that could or may be discovered by a payroll audit for a subsequent period.

10. The parties represent and certify that they have carefully read and fully understand all of the provisions and effects of this Agreement, and that they have had the opportunity to thoroughly discuss all aspects of this Agreement with their attorneys.

11. The parties agree to execute, or cause to be executed, such other documents as may be required to carry out the purposes of this Agreement. This Agreement constitutes the complete understanding between the parties, all prior representations and agreements having been merged into this Agreement. The parties understand and agree that this Agreement shall be interpreted in accordance with its fair meaning, and not strictly for or against any party. No waiver of any of the terms of this Agreement or of any breach of this Agreement shall be valid unless signed by the party against whom such waiver is asserted; no waiver of any of the terms of this Agreement or of any breach of this Agreement shall be deemed to be a waiver of any other term or breach. This Agreement shall be binding upon and inure to the benefit of the parties and to their respective successors. This Agreement is not intended and will not be construed so as to grant, provide, or confer any benefits, rights, claims, causes of action, or remedies to any person or entity as a third party beneficiary. Notwithstanding any other provision of this Agreement, this Agreement is not intended and will not be construed so as to terminate any other existing agreements between the parties or to release or waive any unfunded vested liability with respect to any termination of any other agreements between the parties. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. Without limitation to the fact that he is a party to this Agreement, Gerald Hartman does hereby irrevocably covenant, promise and agree to indemnify the Funds and to defend and hold them harmless from and against any and all losses, claims, expenses, suits, costs, demands, damages or liabilities, joint or several, of whatever kind or nature that the Funds (or their affiliated Central Laborers' fringe benefit funds) may sustain or to which they may become subject arising out of or relating in any way to: (1) the default in making payments or other breach by PREFERRED CONCRETE & EXCAVATING, INC. of this Agreement (including but not limited to the affidavit and indemnification agreement executed in conjunction with and made a part of this Agreement); (2) the failure by PREFERRED CONCRETE & EXCAVATING, INC. to make any other required payment to the Funds, or to file any monthly employer report with the Funds.

Executed on April \_\_\_\_, 2015.

**CENTRAL LABORERS' PENSION FUND,** *et al.*

By: _/s/ illegible_
Its: _Attorney_

**PREFERRED CONCRETE & EXCAVATING, INC.,**
an Illinois corporation

By: _/s/ Gerald A. Hartman_
Its: _President_

**GERALD HARTMAN**, individually

_/s/ Gerald A. Hartman_

**EXHIBIT 1**

## INSTALLMENT PAYMENT SCHEDULE

| | | |
|---|---|---|
| BEGINNING DATE | | 5/1/2015 |
| NUMBER OF PAYMENTS | | 24 |
| PRINCIPAL AMOUNT | | $157,824.62 |
| INTEREST RATE | | 9.50% |

| | DUE DATE | PRINCIPAL | INTEREST | TOTAL PAYMENT | BALANCE |
|---|---|---|---|---|---|
| 1 | 5/1/2015 | $6,576.03 | $0.00 | $6,576.03 | $151,248.59 |
| 2 | 6/1/2015 | $6,576.03 | $1,220.35 | $7,796.37 | $144,672.57 |
| 3 | 7/1/2015 | $6,576.03 | $1,129.64 | $7,705.66 | $138,096.54 |
| 4 | 8/1/2015 | $6,576.03 | $1,114.23 | $7,690.26 | $131,520.52 |
| 5 | 9/1/2015 | $6,576.03 | $1,061.17 | $7,637.20 | $124,944.49 |
| 6 | 10/1/2015 | $6,576.03 | $975.59 | $7,551.62 | $118,368.47 |
| 7 | 11/1/2015 | $6,576.03 | $955.06 | $7,531.08 | $111,792.44 |
| 8 | 12/1/2015 | $6,576.03 | $872.90 | $7,448.93 | $105,216.41 |
| 9 | 1/1/2016 | $6,576.03 | $848.94 | $7,424.96 | $98,640.39 |
| 10 | 2/1/2016 | $6,576.03 | $795.88 | $7,371.91 | $92,064.36 |
| 11 | 3/1/2016 | $6,576.03 | $694.90 | $7,270.92 | $85,488.34 |
| 12 | 4/1/2016 | $6,576.03 | $689.76 | $7,265.79 | $78,912.31 |
| 13 | 5/1/2016 | $6,576.03 | $616.16 | $7,192.19 | $72,336.28 |
| 14 | 6/1/2016 | $6,576.03 | $583.64 | $7,159.67 | $65,760.26 |
| 15 | 7/1/2016 | $6,576.03 | $513.47 | $7,089.50 | $59,184.23 |
| 16 | 8/1/2016 | $6,576.03 | $477.53 | $7,053.55 | $52,608.21 |
| 17 | 9/1/2016 | $6,576.03 | $424.47 | $7,000.49 | $46,032.18 |
| 18 | 10/1/2016 | $6,576.03 | $359.43 | $6,935.46 | $39,456.16 |
| 19 | 11/1/2016 | $6,576.03 | $318.35 | $6,894.38 | $32,880.13 |
| 20 | 12/1/2016 | $6,576.03 | $256.74 | $6,832.76 | $26,304.10 |
| 21 | 1/1/2017 | $6,576.03 | $212.23 | $6,788.26 | $19,728.08 |
| 22 | 2/1/2017 | $6,576.03 | $159.18 | $6,735.20 | $13,152.05 |
| 23 | 3/1/2017 | $6,576.03 | $95.85 | $6,671.87 | $6,576.03 |
| 24 | 4/1/2017 | $6,576.03 | $53.06 | $6,629.08 | $0.00 |
| | TOTAL | $157,824.62 | $14,428.52 | $172,253.14 | |

**EXHIBIT 2**

STATE OF ILLINOIS )
                      ) SS
COUNTY OF      )

## AFFIDAVIT AND INDEMNIFICATION AGREEMENT

The undersigned <u>Gerald Hartman</u> being first duly sworn on oath, deposes and says:

1) That the undersigned is the Chief Executive Officer of the business or company known as <u>PREFERRED CONCRETE & EXCAVATING, INC.</u> (the "Company").

2) That the undersigned is authorized to make this Affidavit and enter into this Indemnification Agreement with the Trustees of the Central Laborers' Pension, Welfare, and Annuity Funds.

3) That in consideration of the Funds accepting audit challenges identified in the Company's correspondence, the challenges being to certain portions of the findings resulting from an audit of the Company heretofore performed in behalf of the Funds and in consideration of the Funds accepting the challenges related to <u>Jose Macias – SS# XXX-XX-9517, Isidio Guzman – SS# XXX-XX-0767, Leonardo Guzman – SS# XXX-XX-1960, Guillermo Guzman – SS# XXX-XX-0767, Manuel Guzman – SS# XXX-XX-5270, Gonzalo Cruz – SS# XXX-XX-5384, and Nick Schoenhard – SS# XXX-XX-4294</u> (collectively "Potential Claimants"), the Company agrees to indemnify the Trustees of the Central Laborers' Pension, Welfare, and Annuity Funds for any loss or expense of any kind or nature should any Potential Claimant for whom the challenges were accepted successfully make a claim or obtain a judgment against any of the Funds related to challenged amounts that have not been paid. In that event, the cost of defense of any such claims or judgments shall be paid by the Company.

5) PREFERRED CONCRETE & EXCAVATING, INC., in providing this document, affirmatively states that it is provided in the context of a disputed claim is not to be considered or construed as an admission of any liability whatsoever on or behalf of <u>PREFERRED CONCRETE & EXCAVATING, INC.</u>, by whom all liability is hereby expressly denied, and the Funds agree that none of them shall use it for any such purpose.

                                              _____
                                              (Signature)

Subscribed and sworn to before me
this ___13___ day of <u>April 2015</u>.

_____
(Notary Public)

```
"OFFICIAL SEAL"
HEATHER HEIDENREICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/04/2016
```



EXHIBIT C 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, ) | |
| CENTRAL LABORERS' ANNUITY FUND, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | 13-Cv-50271 |
| ) | |
| PREFERRED CONCRETE & EXCAVATING, INC., ) | Judge Frederick J. Kapala |
| an Illinois corporation, ) | |
| ) | Magistrate Judge Iain D. Johnston |
| Defendant. ) | |

## ORDER FOR JUDGMENT
## AND ORDER FOR INSTALLMENT PAYMENTS OF JUDGMENT AND INTEREST

The parties having stipulated to a consent judgment and payment plan,

IT IS ORDERED AND ADJUDGED:

Judgment in the amount of $157,824.62 is entered in favor of all Plaintiffs and against Defendant PREFERRED CONCRETE & EXCAVATING, INC. The judgment amount consists of $146,558.41 in delinquent payments for fringe benefit fund contributions and union dues (including liquidated damages), and $11,266.21 for Plaintiffs' audit costs and attorney fees and costs.

Defendant PREFERRED CONCRETE & EXCAVATING, INC. is ordered to pay the judgment by paying $6,576.03 per month, *plus interest*, on the 1st day of each month, commencing May 1, 2015, until the above judgment has been paid in full. Unpaid amounts shall accrue interest at the rate of 9.5%, pursuant to the applicable trust agreements of the Funds and by stipulation of the parties. Interest payments will total not less than $14,428.52, and an additional judgment is entered in that amount; the installment payments will therefore total $172,253.14.

Payments shall be made in accordance with the attached installment payment plan.

This settlement relates to the audit period of January 1, 2009 through September 30, 2013, and a claim for contributions due from certain work performed in in Ogle County in March 2014, and for no other periods.

This Court retains jurisdiction of the case to enforce the parties' settlement agreement and to enter all appropriate orders.

The settlement agreement and payment plan provide for a final payment on or before April 1, 2017. Unless this case is reinstated or the time to reinstate is extended by court order, the dismissal shall be with prejudice as of June 1, 2017.

ENTER:

_____
　　　J U D G E
DATED:

# INSTALLMENT PAYMENT SCHEDULE

| | | | | |
|---|---|---|---|---|
| BEGINNING DATE | | | 5/1/2015 | |
| NUMBER OF PAYMENTS | | | 24 | |
| PRINCIPAL AMOUNT | | | $157,824.62 | |
| INTEREST RATE | | | 9.50% | |

| | DUE DATE | PRINCIPAL | INTEREST | TOTAL PAYMENT | BALANCE |
|---|---|---|---|---|---|
| 1 | 5/1/2015 | $6,576.03 | $0.00 | $6,576.03 | $151,248.59 |
| 2 | 6/1/2015 | $6,576.03 | $1,220.35 | $7,796.37 | $144,672.57 |
| 3 | 7/1/2015 | $6,576.03 | $1,129.64 | $7,705.66 | $138,096.54 |
| 4 | 8/1/2015 | $6,576.03 | $1,114.23 | $7,690.26 | $131,520.52 |
| 5 | 9/1/2015 | $6,576.03 | $1,061.17 | $7,637.20 | $124,944.49 |
| 6 | 10/1/2015 | $6,576.03 | $975.59 | $7,551.62 | $118,368.47 |
| 7 | 11/1/2015 | $6,576.03 | $955.06 | $7,531.08 | $111,792.44 |
| 8 | 12/1/2015 | $6,576.03 | $872.90 | $7,448.93 | $105,216.41 |
| 9 | 1/1/2016 | $6,576.03 | $848.94 | $7,424.96 | $98,640.39 |
| 10 | 2/1/2016 | $6,576.03 | $795.88 | $7,371.91 | $92,064.36 |
| 11 | 3/1/2016 | $6,576.03 | $694.90 | $7,270.92 | $85,488.34 |
| 12 | 4/1/2016 | $6,576.03 | $689.76 | $7,265.79 | $78,912.31 |
| 13 | 5/1/2016 | $6,576.03 | $616.16 | $7,192.19 | $72,336.28 |
| 14 | 6/1/2016 | $6,576.03 | $583.64 | $7,159.67 | $65,760.26 |
| 15 | 7/1/2016 | $6,576.03 | $513.47 | $7,089.50 | $59,184.23 |
| 16 | 8/1/2016 | $6,576.03 | $477.53 | $7,053.55 | $52,608.21 |
| 17 | 9/1/2016 | $6,576.03 | $424.47 | $7,000.49 | $46,032.18 |
| 18 | 10/1/2016 | $6,576.03 | $359.43 | $6,935.46 | $39,456.16 |
| 19 | 11/1/2016 | $6,576.03 | $318.35 | $6,894.38 | $32,880.13 |
| 20 | 12/1/2016 | $6,576.03 | $256.74 | $6,832.76 | $26,304.10 |
| 21 | 1/1/2017 | $6,576.03 | $212.23 | $6,788.26 | $19,728.08 |
| 22 | 2/1/2017 | $6,576.03 | $159.18 | $6,735.20 | $13,152.05 |
| 23 | 3/1/2017 | $6,576.03 | $95.85 | $6,671.87 | $6,576.03 |
| 24 | 4/1/2017 | $6,576.03 | $53.06 | $6,629.08 | $0.00 |
| | TOTAL | $157,824.62 | $14,428.52 | $172,253.14 | |